**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JSURGICAL, INC.,**

    **Plaintiff,**

v.                                                               Case No.  8:18-cv-1022-T-30JSS

**SYNERGY HEALTH, PLC and**
**STERIS CORPORATION,**

    **Defendants.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Amended Complaint (Dkt. 24) and Plaintiff's Response in Opposition and Alternative Request to File an Amended Complaint (Dkt. 27).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.  Specifically, the amended complaint will be dismissed without prejudice to Plaintiff to file a second amended complaint.  Notably, this is Plaintiff's final opportunity to amend its complaint to state a plausible claim.

## DISCUSSION

The Court discussed the facts of this case in its prior Order granting Defendants' motion to dismiss and need not rehash those facts here.  *See* (Dkt. 13).  The Court explained in detail why Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") failed to allege sufficient factual matter—accepted as true—to state a claim that was plausible on its face.  The Court granted Plaintiff leave to file an amended

complaint. In doing so, the Court pointed out that it appeared that Plaintiff was attempting to recast a breach-of-contract claim as a FDUTPA claim. *Id.*

With respect to the FDUTPA claim, the Court's prior Order concluded that: (1) Plaintiff did not allege any consumer harm; (2) Plaintiff failed to plead an objectively deceptive or unfair act; (3) to the extent Plaintiff asserted that the deceptive or unfair act was Defendant Synergy Health PLC's nonperformance under the contract, such a theory was nothing more than a claim for breach of contract; and (4) only "actual damages" were recoverable under FDUTPA. Plaintiff did not heed this advice when it drafted the amended complaint. Instead—as Defendants argue in the instant motion to dismiss—the "Amended Complaint doubles down on it prior error." (Dkt. 24). Notably, the amended complaint still does not include a single factual allegation regarding Defendant Steris Corporation.

Accordingly, rather than delineate the amended complaint's many deficiencies, which Defendants address in great detail in their motion to dismiss, the Court will dismiss the complaint for the reasons stated in Defendants' motion and grant Plaintiff's alternative request to amend its complaint. The Court underscores that this will be Plaintiff's final opportunity to plead a sufficient claim.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Amended Complaint (Dkt. 24) is granted to the extent that Plaintiff's amended complaint is dismissed without prejudice.

2. Plaintiff may file a second amended complaint within fourteen (14) days of this Order. Failure to file a second amended complaint during this time will result in the closure of this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on September 21, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record