## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |  |
|---|---|---|
| JSURGICAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:18-cv-01022-JSM-JSS |
| | ) | |
| SYNERGY HEALTH, PLC, | ) | |
| n/k/a STERIS, PLC; and, STERIS | ) | |
| CORPORATION, n/k/a STERIS, PLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR RELIEF FROM FINAL ORDER [DKT. 28], AND FINAL JUDGMENT [DKT. 29] AND MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT HEREOF

Plaintiff, Jsurgical, Inc. ("Jsurgical"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 60(b), hereby requests relief from the final order entered on September 21, 2018 (Dkt. 28), and the final judgment entered on October 9, 2018. (Dkt. 29). In support thereof, Plaintiff states the following:

## INTRODUCTION

Plaintiff seeks relief from the final order to compel arbitration on issues not related to the FDUTPA of the arbitration agreement, since neither the final order nor the final judgment invalidate the arbitration agreement, it would be extremely unjust if Plaintiff was

1

unable to arbitrate, at the very least, the breach of contract cause of action that Plaintiff repeatedly excluded pleading in the court of law. Plaintiff does not dispute that Defendants are entitled to costs incurred for prevailing on the issue of FDUTPA as applied to the arbitration agreement but disputes their entitlement to the total sum claimed.  Lastly, Plaintiff seeks relief from the final order and final judgment for lack of subject matter jurisdiction, because it is a legal certainty that Plaintiff was never entitled to recover more than $75,000.00, at the time of removal.

## PROCEDURAL HISTORY

Plaintiff filed a three (3) count *Complaint* in Florida State Court where: Count I sought monetary damages and rescission of an arbitration agreement between Jsurgical with Synergy Health PLC ("Synergy"); Count II sought damages for Synergy's alleged violations of FDUTPA, and Count III sought damages for alleged tortious interference by Steris Corporation. ("Steris").  (Dkt. 2).  Jsurgical alleged damages exceeding eighty-three thousand dollars ($83,000.00) and requested the relief of "actual (and, as applicable, consequential) damages," (*Id.*  at pp. 9, 11.  *Id.* at ¶¶ 32, 56).

Defendants removed the matter for diversity jurisdiction, because "Jsurgical specifically alleges that it has incurred actual and consequential damages related to the conduct alleged in the Complaint in the amount of $83,000, and Jsurgical specifically requests judgment for such actual and consequential damages in the respective requests for

2

relief." (Dkt. 3 at ¶¶7).  Then, Defendants moved to dismiss the Complaint for failing to state a cause of action as to each count.  (Dkt. 11).  This Court granted dismissal of the rescission and tortious interference claims for "fail[ing] on the merits for the reasons stated in Defendants' motion."  (Dkt. 13 at p. 3).  The FDUTPA count was also dismissed, but Plaintiff was given leave to amend the Complaint. *Id.* at p. 6.

Plaintiff requested relief under Rule 6 and Rule 60 of the Federal Rules of Civil Procedure (Dkt. 16) and Defendants' responded in Opposition (Dkt. 18) to same.  While denying Plaintiff's request for relief, the Court found, based upon the face of Plaintiff's Complaint, that subject matter jurisdiction was proper at the time of removal. (Dkt. 19). The Court also granted Plaintiff leave to amend the Amended Complaint. *Id.*

Plaintiff filed its Amended Complaint which attached a *Combination Offer*, dated February 2015, showing that STERIS purchased assets and assumed certain liabilities of Life Systems, Inc. and Florida Surgical Repair, Inc; which appear to be direct competitor with Jsurgical. [Dkt. 20-A pp. 98].  Despite this, Defendants moved to dismiss same for failing to state a cause of action.  (Dkt. 24).  Plaintiff opposed a dismissal (Dkt. 28), but this Court dismissed the Amended Complaint. (Dkt. 28).  The Court gave Plaintiff a "final opportunity to amend its complaint to state a plausible claim." *Id.* at p. 1.  Plaintiff did not file a second amended complaint, so the Court *sua sponte*, ordered the matter dismissed.  (Dkt. 29).  Defendants moved this Court for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d), the  Master Services Agreement between the   parties,  and §501.2105, Florida

Statutes.  (Dkt. 30).

## LEGAL STANDARD

### Rule 60(b)(4)

"Rule 60(b)(4) authorizes a court to relieve a party from a final judgment if 'the judgment is void.'" *Certain Underwriters at Lloyd's, London v. Best for Less Food Mart, Inc.,* No. 8:10-cv-688-T-30AEP, 2015 WL 685757, at *2 (M.D. Fla. Feb. 18, 2015) (quoting Fed. R. Civ. P. 60(b)(4)).  In general, "a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (citation omitted).

### Subject Matter Jurisdiction

This Court correctly noted in its Order dated July 7, 2018, "it is axiomatic that, in a case removed based on diversity jurisdiction, the amount in controversy is determined at the time of removal."  (Dkt. 19) (citing *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010).  A court lacks diversity jurisdiction where it appears to a "legal certainty" that Plaintiff's claim is for less than the jurisdictional amount.  See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir.1994) (citing *St. Paul's Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)).  Legal certainty test is applicable in matters brought in state court, but plaintiff alleges amount in

4

controversy allowing for diversity jurisdiction. *Sammie Bonner Construction Co. Inc. v. Western Star Trucks Sales, Inc., Donaldson Company, Inc.*, 330 F.3d 1308 (11th Cir. 2003); See also. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 n. 8 (11th Cir.1996)

Although a court should give deference to the amount of damages alleged by plaintiff to be in controversy, "that deference does not eviscerate the court's obligation to scrupulously enforce its jurisdiction limitations." *Rex T. Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255 (11th Cir. 2000) (concluding to a "legal certainty" that despite plaintiff's allegation to the opposite, plaintiff's claims for compensatory damages could not satisfy the amount in controversy.)

Where Plaintiff requests damages that are not cognizable under the theory of law sought, diversity jurisdiction has failed. See *Robert E. Kelly Virginia L. Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034 (9th Cir. 2004) (Plaintiff's damages were not cognizable under the Magnuson-Moss Warranty Act, so the damages were not counted towards the amount in controversy requirement)(citing *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir.1984) (applying the legal certainty test to a Magnuson-Moss Warranty Act claim)).

For equitable remedies such as injunctive or declaratory relief, courts have looked to the "value of the object of the litigation," measured from the plaintiff's perspective. See *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*,

5

120 F.3d 216, 218-20 (11th Cir.1997).

<u>Rule 60(b)(6)</u>

"Often referred to as the catch-all ground, Rule 60(b)(6) provides an avenue for relief for 'any other reason justifying relief from the operation of the judgment.'" *Hartge v. Crosby*, No. 8:02-cv-1254-T-30TGW, 2008 WL 490591, at *1 (M.D. Fla. Feb. 20, 2008) (quoting Fed. R. Civ. P. 60(b)(6)).  "In seeking relief pursuant to Rule 60(b)(6), Plaintiff has the burden of showing that absent relief from the judgment, an 'extreme' and 'unexpected' hardship will result."  Id.  Rule 60(b)(6) "is an extraordinary remedy that may be invoked only upon a showing of extraordinary circumstances" and "does not mean that final judgments should be lightly reopened."  *Williams v. Crosby*, No. 8:03-cv-2690-T-30MSS, 2007 WL 28304, at *1 (M.D. Fla. Jan. 3, 2007).

## ARGUMENT

## I.     IF DIVERSITY JURISDICTION IS PROPER, THEN THE ARBITRATION AGREEMENT APPEARS VALID AND ENFORCEABLE

Plaintiff seeks relief of the final order, because it may inappropriately prejudice Plaintiff from bringing claims that are not within this court's jurisdiction.  To the extent the Court enforces the dismissal with prejudice, the order should be limited to challenging the arbitration agreement with prejudice, because the essence of Plaintiff's action challenged the arbitration agreement, rather than the entire contract.

Prior to enforcing any of its rights under the arbitration agreement, Jsurgical sought,

by way of the Complaint and the Amended Complaint, to ascertain whether the arbitration agreement was enforceable.   See *Jenkins v. First American Cash Advance of Georgia, LLC*, 400 F.3d 868, 877 (11th Cir.2005) (analyzing the limitations of district court's with respect to challenges to the arbitration agreement versus the contract as a whole.)

Pursuant to the Federal Arbitration Act, a federal court should order arbitration to proceed if it determined that the making of the arbitration agreement itself or failure to comply with the arbitration agreement was not in issue.  *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

"The arbitrability of a particular dispute is a threshold issue to be decided by the courts.  See *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002) ("The question whether the parties have submitted a particular dispute to arbitration, i.e., the `question of arbitrability,' is `an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" (alteration in original) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986))); *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964) ("The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the . . . agreement does in fact create such a duty.").

In *Nagrampa v. Mailcoups, Inc. The American Arbitration Assoc.*, 469 F.3d 1257

(9th Cir. 2006), similar to Jsurgical, Plaintiff specifically challenged the conscionability of an arbitration provision contained in a franchise agreement and did not set forth any claims against the agreement as a whole.  The Ninth Circuit explained, "[w]hen the crux of the complaint is not the invalidity of the contract as a whole, but rather the arbitration provision itself, then the federal courts must decide whether the arbitration provision is invalid and unenforceable under 9 U.S.C. § 2 of the FAA. The federal courts cannot shirk their statutory obligation to do so simply because controlling substantive state law requires the court to consider, in the course of analyzing the validity of the arbitration provision, the circumstances surrounding the making of the entire agreement." See *Nagrampa*, 469 F.3d 1257 at 27 (9th Cir. 2006) (internal citations and footnotes omitted).

In the instant case Jsurgical exclusively set forth claims which directly challenged the arbitration agreement and never asserted challenges against the Master Services Agreement as a whole.  Accordingly, Jsurgical argues that the court had a duty to determine the validity of the arbitration agreement before issuing the order of dismissal, which if deemed valid, would relinquish the court of subject matter jurisdiction and require the dispute to be sent to arbitration.

## II.   PLAINTIFF COULD NOT HAVE WAIVED ARBITRATION WHEN PLAINTIFF SPECIFICALLY EXCLUDED A CAUSE OF ACTION FOR BREACH OF CONTRACT

Plaintiff cannot be considered to have waived its right to arbitration by pleading

8

causes of action which challenge the unfair and depictive nature of the circumstances surrounding the arbitration agreement, rather than the contract itself.  "The Supreme Court has defined waiver as the "intentional relinquishment or abandonment of a known right." Nagrampa at 50, citing, United States v. Olano, 507 U.S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (internal quotations omitted). Moreover, before an argument for waiver of the arbitration agreement should be considered the court must first determine its validity irrespective of any claimed waiver on the part of Plaintiff by the Defendants. That threshold decision must be addressed by the court before Jsurgical can be said to have waived its right to participate.  To the extent this Court decided merits that were outside the enforceability of the arbitration agreement, it acted outside of its subject matter jurisdiction.  See *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 at 94-95 (1998) (requiring jurisdiction be established as a threshold matter, without exception).

Further, even though Plaintiff's Counsel clearly failed to plead a breach of contract cause of action, Plaintiff's Counsel did so, because he was convinced the district court lacked jurisdiction and did not want to expand the resources necessary to proceed in federal court on any issues other than the arbitration provisions enforceability.  This is clear from the record as Plaintiff was at all times trying to find an adequate remedy for Jsurgical to obtain damages exceeding those in which it was limited to by the arbitration agreement. (See Dkt. 27 pp. 10 – 11) (citing Dkt. 20-C §4.13).  Likewise, Plaintiff's jurisdictional challenges were made in reliance on *Mansfield, C. & L. M. R. Co.* v. *Swan,* 111 U.S. 379

9

(1884).  "In *Mansfield*, the defendants had successfully removed the case to federal court, successfully opposed the plaintiffs' motion to remand the case to state court, lost on the merits of the case, and then reversed course and successfully argued in this Court that the lower federal court had no jurisdiction." *Buckhannon Bd, & Care Home, Inc. V. W, Virginia Dep't. Of Health & Human Res.,* 532 U.S. 598 (2001) (analyzing *Mansfield*).

Accordingly, relief from the order is sought, so that it would not appear like this Court's final order was viewed as a decision on the merits regarding the breach of contract claim.  By relieving Plaintiff of the current final orders, this Court can then make any necessary jurisdictional revisions/clarifications to same.

## III.    IT IS A LEGAL CERTAINTY THAT THE AMOUNT IN CONTROVERSY AT THE TIME OF REMOVAL WAS NOT GREATER THAN $75,000.00

This Court already ruled that the amount in controversy at the time of removal was the amount identified in Plaintiff's initial Complaint.  (Dkt. 19) (citing *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010).  However, it appears that the damages alleged could never have been afforded to Plaintiff.

Plaintiff's Complaint and Amended Complaint incorporated by reference the Master Services Agreement, which expressly limited the recovery of monetary damages to well below the jurisdictional amount of this court.  [Dkt. 20-C §1.8].  Accordingly, neither Count 1 or Count III would have allowed Plaintiff a recovery exceeding the jurisdictional amount.

Further, as to Count II, FDUTPA, the record before this court shows that the

jurisdictional amounts could not have been reached, since Plaintiff's actual damages are thirty-four thousand one hundred nine dollars and sixty-two cents ($34,139.62)[1], while Synergy's collective aggregate liability on a breach of contract claim is $5,500.00 on the face of the contract.  (Dkt. 20-C §4.13).

WHEREFORE, Plaintiff, Jsurgical, Inc., respectfully requests that this Court: (a) relieve Plaintiff from the final order dismissing this matter with prejudice so that arbitration can be had on all issues not related to the enforceability of the arbitration agreement, b) remand this matter back to state court or compel arbitration as to matters outside of this Court's subject matter jurisdiction, and (c) grant Plaintiff such further relief as is just and proper.

*/s/ Ramil Kaminsky*
Ramil A. Kaminsky, Esq.
FL Bar No.: 105280
RAK LAW, PLLC
6735 Conroy Rd., Unit 102-26
Orlando, FL 32835
Telephone: (813) 748 – 3373
Email: ramil@ramilkaminskylaw.com
Email: rkaminskyusf@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a

---

[1]      See Dkt. 20 ¶ 19.

Notice of Electronic Filing to the following listed counsel:

Michael S. Vitale, Esq.
Robert D. Sowell, Esq.
BAKER & HOSTETLER LLP
200 South Orange Ave
SunTrust Center, Suite 2300
P.O. Box 112
Orlando, FL  32802-0112
Telephone:    (407) 649-4000
Facsimile:    (407) 841-0168
Email:        mvitale@bakerlaw.com
Email:        mrios@bakerlaw.com
Email:        rsowell@bakerlaw.com
Email:        emachin@bakerlaw.com
*Attorneys for Defendants*

*/s/ Ramil Kaminsky*
Ramil A. Kaminsky, Esq.

12