# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JSURGICAL, INC.,**

    **Plaintiff,**

v.                                                                             Case No.  8:18-cv-1022-T-30JSS

**SYNERGY HEALTH, PLC and**
**STERIS CORPORATION,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Attorneys' Fees and Costs (Dkt. 30), Plaintiff's Motion for Relief from Final Order and Final Judgment (Dkt. 34), and the parties' respective responses.  The Court, having reviewed the motions, responses, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied and Defendants' motion should be granted in part and denied in part. Specifically, the Court will deny Plaintiff's motion because it is without merit.  The Court will grant Defendants attorney's fees in the amount of $38,008 and costs in the amount of $400 because they prevailed on the claims filed under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

## BACKGROUND

The Court discussed the facts of this case in its prior Order granting Defendants' motion to dismiss and sees no reason to rehash those facts here. *See* (Dkt. 13). The Court explained in detail why Plaintiff's claim under the Florida Deceptive and Unfair Trade

Practices Act ("FDUTPA") failed to allege sufficient factual matter—accepted as true—to state a claim that was plausible on its face. The Court granted Plaintiff leave to file an amended complaint. In doing so, the Court pointed out that it appeared that Plaintiff was attempting to recast a breach of contract claim as a FDUTPA claim. *Id.*

With respect to the FDUTPA claim, the Court concluded that: (1) Plaintiff did not allege any consumer harm; (2) Plaintiff failed to plead an objectively deceptive or unfair act; (3) to the extent Plaintiff asserted that the deceptive or unfair act was Defendant Synergy Health PLC's nonperformance under the contract, such a theory was nothing more than a claim for breach of contract; and (4) only "actual damages" were recoverable under FDUTPA.

Plaintiff filed an amended complaint. The amended complaint did not heed the Court's advice. Instead—as Defendants argued in their subsequent motion to dismiss—the "Amended Complaint doubles down on it prior error." (Dkt. 24). In light of the amended complaint's many deficiencies, the Court granted Defendants' motion to dismiss, dismissed the amended complaint, and provided Plaintiff a final opportunity to plead a sufficient claim. *See* (Dkt. 28). Plaintiff never filed a second amended complaint and the Court closed this case. (Dkt. 29).

Now Defendants move for their attorney's fees and costs pursuant to FDUTPA. After Defendants filed their motion, Plaintiff filed a motion requesting relief from the final order. Plaintiff's motion lacks merit. It appears that Plaintiff is seeking a ruling from this Court that states that the dismissal of the FDUTPA claims does not preclude Plaintiff from bringing a

subsequent breach of contract claim against Defendants. Plaintiff also appears to ask the Court to render an opinion on the validity of the arbitration provision within the subject agreement. The Court declines to provide advisory opinions on these matters.

In sum, the Court dismissed Plaintiff's FDUTPA claims and provided Plaintiff a final opportunity to amend its complaint. Plaintiff never amended its complaint and this case was closed. Whether the dismissal of the FDUTPA claims and closure of this case precludes Plaintiff from filing a separate breach of contract action against Defendants (or precludes Plaintiff from proceeding with arbitration) is not for this Court to decide. Accordingly, Plaintiff's motion is denied. The Court will now turn to a discussion of the merits of Defendants' motion for attorney's fees and costs.

## DISCUSSION

### I. Entitlement to Attorney's Fees

The FDUTPA provides: "In any civil litigation resulting from an act or practice involving a violation of this part,...the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1). Defendants are the prevailing parties in this case because the Court granted their motion to dismiss the FDUTPA claims and Plaintiff never filed an amended complaint during the specified period. Notably, "where an order dismisses a complaint with leave to amend within a specified period, the order becomes final (and therefore appealable) when the time period allowed for amendment expires." *Briehler v. City of Miami*, 926 F.2d 1001, 1002 (11th Cir.1991); *see also Diamond*

*Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 368 (Fla. 2013) (defining a prevailing party under FDUTPA as a party who "receive[d] a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals"); *Chow v. Chau*, 640 Fed. Appx. 834, 838 (11th Cir. 2015) (noting that a prevailing defendant may recover fees in a FDUTPA action.).

Nevertheless, it is within the discretion of the Court to award fees and costs under FDUTPA. *See PODS Enters., LLC v. U-Haul Int'l, Inc.*, No. 8:12-cv-1479-T-27MAP, 2015 WL 5021726, at *22 (M.D. Fla. Aug. 24, 2015). A court's considerations might include, but are not limited to:

> (1) the scope and history of the litigation;
> (2) the ability of the opposing party to satisfy an award of fees;
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
> (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;
> (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
> (6) whether the defense raised a defense mainly to frustrate or stall; [and]
> (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971-72 (Fla. 4th DCA 2007).

Considering these factors, the Court concludes that most weigh in favor of awarding Defendants their attorney's fees. For example, after the first dismissal of Plaintiff's FDUTPA claims, the Court provided guidance on why the claims were insufficiently pled. Plaintiff filed an amended complaint with two FDUTPA claims that suffered from the same deficiencies. Plaintiff also attempted, unsuccessfully, to remand this case and filed frivolous motions for relief. Defendants are therefore entitled to an award of attorney's fees.

## II. Amount of Attorney's Fees

Defendants' motion requests attorney's fees in the amount of $57,639 and costs in the amount of $836.28. FDUTPA requires "[t]he attorney for the prevailing party [to] submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case." Fla. Stat. § 501.2105(2). Defendants have complied with this requirement by filing the Affidavit of Michael S. Vitale, which includes the relevant billing records and other evidence of costs and expenses. (Dkt. 30-1).

In awarding attorney's fees, the Court must determine whether the requested fees are reasonable.

> Calculating an appropriate fee award under federal law involves a two-step process. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Id.* The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation. *Id.*

*Raetano v. Msawel*, No. 8:12-cv-1625-T-30TBM, 2013 WL 1465290, at *1 (M.D. Fla. Apr. 11, 2013). The Eleventh Circuit has recognized that "the computation of a fee award is necessarily an exercise of judgment," and that, "there is no precise rule or formula for making these determinations." *Id.* (internal quotation marks omitted). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* (internal quotation marks omitted).

### A. Reasonable Hours

First, the Court must determine the number of hours reasonably expended on the litigation. Here, Michael S. Vitale spent 65.4 hours and Robert D. Sowell spent 97.6 hours defending Plaintiff's case. These hours reflect time spent on (1) presuit correspondence and legal analysis of the case, (2) removal of the case, (3) preparation of the motions to dismiss, and (4) preparations of the responses to Plaintiff's motions for remand/relief from judgment.

This was not a novel or complex case. Defendants prevailed at an early stage of the litigation. Considering all of the factors, the Court concludes that Vitale's and Sowell's hours must be reduced. Thus, a twenty (20) percent across-the-board reduction will be applied to the hours submitted by Vitale and a thirty (30) percent across-the-board reduction will be applied to the hours expended by Sowell. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (noting that if a court finds the number of hours claimed unreasonably high, the court may either conduct an hour-by-hour analysis or it may reduce the hours using an across-the-board cut). Consequently, Vitale's hours are reduced to 52.32 and Sowell's hours are reduced to 68.32.

### B. Reasonable Hourly Rate

After determining the number of hours reasonably expended on the case, the Court must determine whether Defendants' attorneys charged a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)

(internal quotation marks omitted); *Ceres Environ. Servs., Inc. v. Colonel McCrary Trucking*, LLC, 476 Fed.Appx. 198, 202 (11th Cir. 2012). In determining the reasonableness of the hourly rate, the court may consider its own knowledge and experience in its determination of a reasonable fee. *Norman*, 836 F.2d at 1303.

According to the billing statements provided by Vitale, Vitale charged an hourly rate of between $405 and $425, and Sowell charged an hourly rate of $310. Vitale, a partner at Baker & Hostetler, LLP, has been practicing law for approximately thirteen years and has significant experience litigating matters involving complex commercial transactions. Sowell is a fourth-year associate at Baker & Hostetler, LLP, and also practices in the area of complex commercial litigation.

Given the nature of the litigation and the experience of Vitale, the Court concludes that Vitale's hourly rate should be reduced to $400. Further, based on the Court's knowledge and experience, the rate requested for Sowell should be reduced to $250.

    **C.**    **Lodestar**

With an hourly rate of $400 for Vitale and hours expended at 52.32 and an hourly rate of $250 for Sowell with hours expended at 68.32, Defendants are entitled to recover attorney's fees in the amount of $38,008.

**III.**    **Costs**

The Court has reviewed Defendants' costs and concludes that they should be awarded $400 pursuant to 28 U.S.C. § 1920 for the removal of this action.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Relief from Final Order and Final Judgment (Dkt. 34) is denied.

2. Defendants' Motion for Attorneys' Fees and Costs (Dkt. 30) is granted in part and denied in part.

3. Defendants are entitled to attorney's fees in the amount of $38,008 and costs in the amount of $400.

4. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff in the amount of $38,408 for attorney's fees and costs.

**DONE** and **ORDERED** in Tampa, Florida on December 6, 2018.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record